**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DERRICK FRANKLIN, et al,**

       **Plaintiffs,**              **CASE NO. 09-10947**

  **vs.**

                                       **HONORABLE JOHN FEIKENS**

**STATE FARM FIRE AND**        **HONORABLE MONA K. MAJZOUB**
**CASUALTY COMPANY**,

       **Defendant.**
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR ALTERNATE SERVICE**

This matter comes before the Court on Defendant's Motion for Alternate Service filed on September 10, 2009. (Docket no. 14). Responses to the motion were due by September 23, 2009. No response was filed to the Defendant's motion. All pretrial matters have been referred to the undersigned magistrate judge for action. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

The Defendant attached an affidavit of its process server to its Motion for Alternate Service. The affidavit states that the process server attempted to effect personal service of a deposition subpoena on nonparty witness Ms. Omar-Antwine at her residence located at 3251 S. Auburn Dr., Saginaw, Michigan. The affidavit provides that the process server attempted to serve the deposition subpoena on Ms. Omar-Antwine on four separate occasions. Two attempts at service were made on Saturday, August 15, 2009, at 12:30 p.m. and 2:15 p.m, one attempt was made on Friday, August 28, 2009 at 6:30 p.m., and one attempt at service was made on Sunday, August 30, 2009 at 4:15 p.m. The affidavit states that after the first failed service attempt, the process server confirmed with Ms. Omar-Antwine's mother that he had the correct address. The affidavit further states that during each

attempt at service, the process server knocked on the door of Ms. Omar-Antwine's home and received no reply. The process server left two business cards, a note requesting that Ms. Omar-Antwine contact him, and a voicemail message on Ms. Omar-Antwine's cellphone. On his fourth failed service attempt, the process server observed that the business card he had placed in Ms. Omar-Antwine's doorway two days earlier was gone.

The Defendant's motion states that service of process cannot reasonably be made upon Ms. Omar-Antwine as provided in F.R.Civ.P. 4(e). Consequently, the Defendant requests that it be allowed to serve Ms. Omar-Antwine by: (1) firmly tacking and posting the deposition subpoena to Ms. Omar-Antwine's residence at 3251 S. Auburn Dr., Saginaw, Michigan; (2) mailing the deposition subpoena by U.S. Mail to Ms. Omar-Antwine's residence at 3251 S. Auburn Dr., Saginaw, Michigan; and (3) mailing the deposition subpoena by Certified Mail, Return Receipt Requested to Ms. Omar-Antwine's residence at 3251 S. Auburn Dr., Saginaw, Michigan.

Fed.R.Civ.P. 45 governs subpoenas. With respect to the method of service, Rule 45(b) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." There is no Sixth Circuit case law interpreting Rule 45 to require personal service. The majority of courts hold that Rule 45 requires personal service. *See Taylor v. Countrywide Home Loans*, No. 08-13258, 2009 WL 1913417, at *5 (E.D. Mich. June 30, 2009) (Rule 45 requires personal service); *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006) (Rule 45 requires personal service of a subpoena and does not permit service by certified mail); *Hall v. Sullivan*, 229 F.R.D. 501, 502 (D. Md. 2005) (recognizing that a majority of courts requires personal service of subpoenas under Rule 45). *But see Halawani*

*v. Wolfengarger*, No. 07-15483, 2008 WL 5188813, at \*4 (E.D. Mich. Dec. 10, 2008) (Rule 45 does not require personal service).

The growing number of cases that have determined that Rule 45 does not require personal service have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness. *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at \*3 (E.D. Mich. Dec. 10, 2008) (service of a subpoena by certified mail may assure proper delivery); *Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201, 2008 WL 552855, at \*1 (E.D.N.Y. Feb. 27, 2008) (alternative service is authorized under Rule 45 if it is designed to reasonably insure the actual receipt of the subpoena by the witness). Courts that have sanctioned alternative means of service under Rule 45 have often done so only after the party requesting the accommodation diligently attempted to effectuate personal service. *Id*.

This Court is satisfied that the Defendant attempted to effectuate personal service of the subpoena on Ms. Omar-Antwine with no success. This Court is further satisfied that the methods of alternate service proposed by the Defendant will reasonably insure actual receipt of the deposition subpoena by Ms. Omar-Antwine. In light of the Defendant's inability to effectuate personal service, the ambiguity of Rule 45 concerning the method in which service must be made, and the fact that no objections have been filed to the Defendant's motion, this Court grants the Defendant's Motion for Alternate Service.

**IT IS THEREFORE ORDERED** that the Defendant effect service of the deposition subpoena on Ms. Omar-Antwine by: (1) firmly tacking and posting the deposition subpoena to Ms. Omar-Antwine's residence at 3251 S. Auburn Dr., Saginaw, Michigan; (2) mailing the deposition

subpoena by U.S. Mail to Ms. Omar-Antwine's residence at 3251 S. Auburn Dr., Saginaw, Michigan; and (3) mailing the deposition subpoena by Certified Mail, Return Receipt Requested to Ms. Omar-Antwine's residence at 3251 S. Auburn Dr., Saginaw, Michigan.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 30, 2009          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 30, 2009          s/ Lisa C. Bartlett
                                   Courtroom Deputy